UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY WATT,<br><br>                      Plaintiff,<br><br>v.<br><br>BLOCK, INC., et al.,<br><br>                      Defendants. | Case No.: 24cv867-LL-DDL<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

On May 16, 2024, Plaintiff filed a complaint against Defendants for violation of section 14(a) of the Securities Exchange Act of 1934. ECF No. 1. On May 23, 2024, Plaintiff filed a motion for preliminary injunction to (1) make additional disclosures in Defendant Block Inc.'s 2024 annual proxy statement regarding its internal controls relating to key enterprise risks, including risks related to Block's Cash App and Square products and (2) postpone Block's 2024 annual shareholder meeting set for June 18, 2024 to allow for the additional disclosures to be made and then reviewed by Block shareholders in advance of the annual shareholder meeting. ECF No. 4. Also on May 23, 2024, Plaintiff filed (1) Motion for Expedited Discovery [ECF No. 5] and (2) Ex Parte Motion for Shortening Time for Motions for Expedited Discovery and Preliminary Injunction [ECF No. 6].

As a threshold issue, the Court is not convinced that Plaintiff has demonstrated the likelihood of irreparable harm, which is necessary in a motion for preliminary injunction. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *All. For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) ("'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."). Plaintiff argues that an "uninformed shareholder vote is often considered an irreparable harm." ECF No. 4-1 at 17–18 (quoting *Allergan, Inc. v. Valeant Pharms. Int'l, Inc.*, No. SACV 14-1214 DOC(ANx), 2014 U.S. Dist. LEXIS 156227, at *50 (C.D. Cal. Nov. 4, 2014)). However, the Court finds other district courts have rejected a per se rule that an uninformed shareholder vote constitutes irreparable harm. *Silberstein v. Aetna, Inc.*, 2014 U.S. Dist. LEXIS 49369, at *7-12 (S.D.N.Y. Apr. 9, 2014); *Masters v. Avanir Pharms., Inc.*, 996 F. Supp. 2d 872, 885–86 (C.D. Cal. 2014) (rejecting a per se rule that an uninformed vote constitutes irreparable harm and finding no irreparable harm when a vote can be voided and any award can be unwound).

Accordingly, the Court sets the following expedited briefing schedule for Plaintiff's Ex Parte Motion for Order Shortening Time for Motions for Expedited Discovery and Preliminary Injunction ("Motion to Shorten Time") [ECF No. 6]:

1. Because Block has been served with the summons and complaint but not yet appeared [ECF No. 3], Plaintiff must serve on Block a copy of this Order, the Motion for Preliminary Injunction [ECF No. 4], the Motion for Expedited Discovery [ECF No. 5], and the Motion to Shorten Time [ECF No. 6] on or before **Tuesday, May 28, 2024**.

/ / /

/ / /

2. Defendant Block, Inc. must respond to the Motion to Shorten Time on or before **Wednesday, May 29, 2024**. Defendant's response must also address the Court's concerns regarding irreparable harm.

3. Plaintiff may file a reply regarding the Motion to Shorten Time on or before **Thursday, May 30, 2024**.

**IT IS SO ORDERED**.

Dated: May 24, 2024

Honorable Linda Lopez
United States District Judge